**EXHIBIT C-1**

C-2989-15-J
430TH DISTRICT COURT, HIDALGO COUNTY, TEXAS

## CITATION

### STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**Colony Specialty Insurance Company**
**National Registered Agents, Inc.**
**350 North Saint Paul Street, Suite 2900**
**Dallas, TX 75201-4234**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFFS ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Israel Ramon, Jr., 430th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on the on this the 14th day of July, 2015 and a copy of same accompanies this citation. The file number and style of said suit being C-2989-15-J, **WING JOE VS. COLONY SPECIALTY INSURANCE COMPANY**

Said Petition was filed in said court by DAVID A. DEGROOT, 3827 N. 10TH ST., STE. 304, MCALLEN, TX 78501.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 16th day of July, 2015.

**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**

_____
**ANDREA GUAJARDO, DEPUTY CLERK**

# C-2989-15-J
## OFFICER'S RETURN

Came to hand on _____ of _____, 201____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:  serving ... copy(s) $_____
       miles ..................$_____

_____
**DEPUTY**

### COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 201____.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas
Date of Expiration / SCH Number**

Electronically Filed
7/14/2015 3:49:14 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. C-2989-15-J

| | | |
|---|---|---|
| WING JOE, | § | IN THE DISTRICT COURT |
| Plaintiff, | § § § | |
| VS. | § § | |
| COLONY SPECIALTY INSURANCE COMPANY, | § § § | HIDALGO COUNTY, TEXAS |
| Defendant. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

COMES NOW, Wing Joe ("Plaintiff"), and files this, his *Original Petition* complaining of Defendant, Colony Specialty Insurance Company, ("Insurer") and would respectfully show the Court the following:

### I. Discovery Control Plan

1. Plaintiff intends to conduct Level 2 discovery under Texas Rules of Civil Procedure 190.4.

### II. Parties

2. Plaintiff, Wing Joe, is an individual residing in Hidalgo County, Texas, and may be served through his attorney of record at the address below.

3. Defendant Colony Specialty Insurance Company is a foreign insurance company registered to do business in the state of Texas and can be served with process by certified mail return receipt requested through its registered agent, National Registered Agents Inc., 350 North Saint Paul Street, Suite 2900, Dallas, TX 75201-4234.

C-2989-15-J

### III. Venue and Jurisdiction

4. Suit is proper in Hidalgo County, Texas because all or a substantial part of the events giving rise to the lawsuit occurred in this county, and the real property at issue is located in Hidalgo County, Texas. Tex.Civ.P.Rem. Code §15.002 (a)(1). Further, the contract upon which this suit is based was executed in Hidalgo County, Texas. Tex.Civ.P.Rem. Code §15.035(b). Because this suit has been filed against an insurance entity, the 206th Judicial District Court has jurisdiction over all pretrial issues in this matter, in accordance with the Order assigning cases for pretrial matters concerning Hidalgo County Residential and Commercial Hail Claims entered by the Hidalgo County District Court Judges on June 17, 2013.

### IV. Facts

5. Insurer issued an insurance policy naming Plaintiff as the insured and providing coverage for direct physical loss caused by windstorm or hail to their properties located at the following addresses: 2500 N. 32nd Street, McAllen, Texas 78501; 2501 N. 31st Lane, McAllen, Texas 78501; 2504 N. 32nd Street, McAllen, Texas 78501; and 2508 N. 32nd Street, McAllen, Texas 78501. Pursuant to the terms of the policy, numbered MP3735950, Plaintiff had insurance protection on the dwellings and on personal property for any and each such loss resulting from windstorm and hail damage. The buildings and contents insured pursuant to the insurance contract sustained damage as the result of two massive hail storms, which struck the Rio Grande Valley area on March 29, 2012 and on April 20, 2012, during the policy period. The hail and wind storm created openings in the building through which rain and hail entered and caused extensive damage. Plaintiff filed a claim and Insurer assigned claim number 238776.

Electronically Filed
7/14/2015 3:49:14 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2989-15-J**

6. Thereafter, the insurer conducted a pretextual and faulty investigation. Insurer underpaid Plaintiff's property damage claim even though liability for such damages was reasonably clear.

7. Insurer wrongfully denied and/or underpaid Plaintiff's claim under the policy. Plaintiff seeks a declaration that his claimed losses are covered occurrences under the Policy and seeks damages for his insurer's wrongful denial.

8. Plaintiff first hired a public adjuster to pursue his claims, but when the Insurer failed to compensate him as required under the policy, Plaintiff hired the undersigned attorney to pursue the matter following his insurer's mishandling of the claim. After an investigation was completed on behalf of Plaintiff, a written demand for payment was made on November 19, 2014. To date, Insurer has failed and refused to pay Plaintiff for his attorney's fees, expenses and mental anguish in having to pursue that which he is entitled under his policy of insurance.

9. The actual damages incurred by Plaintiff in the storms is $640,226.38. Plus, three times the actual damage amount in punitive and exemplary damages acquired is $1,920,679.14 plus attorney's fees.

### V. Causes of Action

**Cause of Action 1: Breach of Contract**

10. Plaintiff incorporates each of the previous paragraphs as if fully set forth herein.

11. Plaintiff paid the premiums under the Policy and met the conditions precedent to the insurer's obligation to pay the Plaintiff's losses under the Policy.

12. Insurer failed and refused to pay the value of the Plaintiff's claims, thereby materially breaching the Policy and causing Plaintiff to suffer those losses together with other harm as described further in this petition.

Electronically Filed
7/14/2015 3:49:14 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-2989-15-J

## Cause of Action 2: Violation of the Texas Deceptive Trade Practices Act

13. Plaintiff incorporates each of the previous paragraphs as if fully set forth herein.

14. At the time of Plaintiff's purchase of the Policy, Defendant insurer was engaged in the business of risk management and for all practical purposes was also engaged in the business of insurance. This insurer underwrote the Policy and provided licensed adjusters to investigate and adjust claims.

15. Insurer's conduct constitutes unfair and deceptive acts or practices in violation of the following sections of the Texas Deceptive Trade Practices-Consumer Protection Act:

> 17.46(b)(5), for representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

> 17.46(b)(7), for representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; and

> 17.46(b)(12), for representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law.

16. Plaintiff brings suit under these sections of the Texas Deceptive Trade Practices for his actual damages, as set forth above, and by reason of Defendant Insurer's knowing and/or intentional conduct, brings suit for additional damages as allowed by Section 17.50(b)(1) of the Texas Business and Commerce Code.

## Cause of Action 3: Texas Insurance Code Violations

17. Plaintiff incorporates each of the previous paragraphs as if fully set forth herein.

18. More than thirty days prior to the filing of this suit, written demand for payment and notice of complaint pursuant to the Texas Insurance Code, Sections 541 and 542, *et seq.* was sent to Defendant insurer. All notices and proofs of loss were timely given in such manner as to fully

Electronically Filed
7/14/2015 3:49:14 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-2989-15-J

comply with the terms and conditions of the Policy and applicable law. In the alternative, Plaintiff alleges that as to any such terms, conditions, notices, or requirements, his insurer has waived them, and is estopped from asserting them, and/or Plaintiff substantially complied with them. Plaintiff makes the same allegations of waiver or estoppel as to every defense or exclusion pleaded by his insurer in this action, and as to each claim for breach of contract or statutory violation as to Defendant.

19. In mishandling these claims and failing to provide significant evidence to support their position, Insurer has violated the following sections of the Texas Insurance Code:

> 541.060(a)(2)(A), by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which this insurer's liability has become reasonably clear;
>
> 541.060(a)(4)(A), by failing within a reasonable time to affirm or deny coverage of a claim to a policyholder;
>
> 541.060(a)(7), by refusing to pay a claim without conducting a reasonable investigation with respect to the claim.
>
> 542.003(a), by engaging in unfair claims settlement practices, as described in 542.003(b), to wit:
>
>> (1) knowingly misrepresenting to a claimant pertinent facts or policy provisions relating to coverage at issue;
>>
>> (2) failing to acknowledge with reasonable promptness pertinent communications relating to a claim arising under the insurer's policy;
>>
>> (3) failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies;
>>
>> (4) not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear; and
>>
>> (5) compelling a policyholder to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder.

Electronically Filed
7/14/2015 3:49:14 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-2989-15-J

542.057(a), by failing to pay the full amount of the insured's claim no later than the fifth business day after the insurer gave notice it would pay the claim.

Defendant's violations of the Texas Insurance Code have proximately caused Plaintiff's damages. Plaintiff further seeks interest and attorney's fees under Section 542.060 of the Texas Insurance Code for Defendant insurer's violations.

### Cause of Action 4: Breach of the Duty of Good Faith and Fair Dealing and Breach of Fiduciary Duty

20. Plaintiff incorporates each of the previous paragraphs as if fully set forth herein.

21. From and after the time Plaintiff's claim was presented to his insurer, liability to pay the claim in accordance with the terms of the Policy was reasonably clear. Despite there being no basis whatsoever on which a reasonable insurance or risk management company would have relied to adjust Plaintiff's claim, Insurer refused to accept the claim payable to Plaintiff as the Policy required. Despite losses clearly identified by Plaintiff, insurer underpaid each and every part of Plaintiff's claim.

22. At that time, Defendant insurer knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear. In this regard, Defendant insurer failed to conduct a reasonable, proper investigation of the claim and refused to rely on the true facts resorting instead to producing faulty, incomplete, and biased reasons as subterfuges to avoid paying a valid claim.

23. Consequently, Insurer breached its duty to deal fairly and in good faith with the Plaintiff. The breach was a proximate cause of the losses, expenses, and damages suffered by the Plaintiff. Insurer also breached their fiduciary duties to Plaintiff that arose out of the special relationship that existed between the parties causing damages to the Plaintiff.

### Cause of Action 5: Negligence

Electronically Filed
7/14/2015 3:49:14 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-2989-15-J

24. Plaintiff incorporates each of the previous paragraphs as if fully set forth herein.

25. Insurer, its agents, servants, and employees, owed Plaintiff a duty to conduct their claims handling, investigation and adjustment in a reasonable manner and in accordance with the appropriate standard of care in the business of insurance. Insurer breached this standard of care, and the damages sustained by Plaintiff were proximately caused, in whole or in part, by the negligence of the insurer, its agents, servants, or employees in their claims handling, investigation, and adjustment of these claims.

**Cause of Action 6: Gross Negligence**

26. Plaintiff incorporates each of the previous paragraphs as if fully set forth herein.

27. Insurer's negligence demonstrated a willful and wanton disregard for the rights, welfare, and safety of Plaintiff. Therefore, Plaintiff is entitled to exemplary damages against insurer.

## VI. Actual and Treble Damages

28. Plaintiff incorporates each of the previous paragraphs as if fully set forth herein.

29. Insurer's conduct as described above was a producing cause of Plaintiff's economic damages. As a result, Plaintiff sustained damages in an amount in excess of the minimum jurisdiction.

30. These acts and omissions on Defendant insurer's part were done knowingly, that is, with an actual awareness of the falsity, unfairness, or deception of the conduct described.

31. Consequently, Plaintiff requests that the trier of fact award to it additional damages of up to three (3) times the sum of actual damages suffered.

## VII. Rule 47(c) Statement

32. In accordance with Texas Rule of Civil Procedure 47(c), Plaintiff pleads that the

Case 7:15-cv-00393 Document 1-3 Filed in TXSD on 09/16/15 Page 11 of 13

Electronically Filed
7/14/2015 3:49:14 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-2989-15-J

relief he seeks is monetary in nature and is over $1,000,000.

## VIII. Attorney's Fees

33. Plaintiff incorporates each of the previous allegations set forth herein.

34. The insurer's conduct as described in this petition and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retention of the attorney whose name is subscribed to this petition. Plaintiff is, therefore, entitled to recover from Defendant an additional sum to compensate Plaintiff for a reasonable fee for such attorney's necessary services in the preparation and prosecution of this action, as well as a reasonable fee for any and all necessary appeals to other courts. Plaintiff has presented his claim for attorney's fees, but insurer chose to ignore it. Thus, Plaintiff requests attorney's fees under Texas Civil Practice and Remedies Code §38.001, et seq., the Texas Insurance Code, and the Texas Deceptive Trade Practices Act.

## IX. Exemplary Damages

35. Plaintiff incorporates each of the previous allegations set forth herein.

36. The conduct, occurrences, representations, acts, omissions, gross negligence, bad faith, and all other allegations against Insurer stated in this petition rise to the level that exemplary damages are warranted under Section 41.003 of the Texas Civil Practice & Remedies Code.

## X. Conditions Precedent

37. All of the conditions precedent to bringing this suit and to Insurer's liability under the Policy for the claims alleged have been performed or have occurred.

## XI. Jury Demand

38. Plaintiff respectfully requests trial of this cause before a Hidalgo County jury.

## XII. Prayer

C-2989-15-J

**WHEREFORE**, Plaintiff requests that Insurer be cited to appear and answer, and that on final trial, Plaintiff have the following:

a. Judgment against the insurer for actual damages and exemplary damages in excess of the minimum jurisdictional limits of this Court;

b. By reason of insurer's knowing and intentional conduct, treble damages as allowed by Section 17.50(b)(1) of the Texas Business and Commerce Code;

c. Prejudgment interest as provided by law;

d. Postjudgment interest as provided by law;

e. Attorney's fees;

f. Costs of suit; and

g. All other relief to which Plaintiff may show himself entitled, either at law or in equity, either general or special, under the facts set forth in his petition.

Respectfully submitted,

**The DeGroot Law Firm, PLLC**
3827 N. 10th St., Ste. 304
McAllen, Texas 78501
Tel: (956) 627-2787
Fax: (956) 627-4363

_____
DAVID DEGROOT
State Bar No. 24044444
Attorney for Plaintiff
Wing Joe

ARGO GROUP
SAN ANTONIO MAILROOM
AUG 17 2015

B

US OFFICIAL MAIL US POSTAGE
$ 07.67
Mailed From 78504
PENALTY FOR PRIVATE USE $300
FP  08/13/2015
031A 0004183249

7014 1200 0001 2352 8549

Colony Specialty Insurance Company
P.O. Box 469012
San Antonio TX 78246-9012