**EXHIBIT C-2**

## CAUSE NO. C-2989-15-J

| | | |
|---|---|---|
| WING JOE, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| vs. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| | § | |
| COLONY SPECIALTY INSURANCE | § | |
| COMPANY, | § | |
| Defendants. | § | 430th JUDICIAL DISTRICT |

### DEFENDANT COLONY INSURANCE COMPANY'S ORIGINAL ANSWER, SPECIAL EXCEPTIONS, SPECIFIC DENIALS, AND AFFIRMATIVE DEFENSES

COMES NOW Colony Insurance Company, misnamed in Plaintiff's Original Petition as Colony Specialty Insurance Company, and files this Original Answer, Verified Denials, Special Exceptions, Specific Denials, and Affirmative Defenses:

### I.
### GENERAL DENIAL

1.      Pursuant to Texas Rule of Civil Procedure 92, Colony hereby enters a general denial, generally denying each and every material allegation contained in Plaintiff's Original Petition and any subsequent amendments thereto, and demands strict proof thereof as required by Texas law.

### II.
### VERIFIED DENIAL

2.      **Defect of Parties.**  Plaintiff's Original Petition names Colony Specialty Insurance Company in this lawsuit. The insurance policy at issue in this case was issued by Colony Insurance Company and any reference to or allegations against Colony Specialty Insurance Company are improper. There is no contractual relationship between Colony Specialty Insurance Company and Plaintiff under which Colony Specialty Insurance Company could be liable to

Plaintiff. Colony Specialty Insurance Company generally denies all allegations asserted against it.

## III.
## SPECIAL EXCEPTIONS

3.     **Misnomer.** Colony specially excepts to all allegations against Colony Specialty Insurance Company because Colony Insurance Company issued the insurance policy at issue in this case. Plaintiff should be required to amend its Petition to delete all references to Colony Specialty Insurance Company.

4.     **Failure to Plead Specific Claims/Facts – Breach of Contract.** Colony specially excepts to Plaintiff's Original Petition because the vague and indefinite allegations asserting the breach of contract claim do not: (1) provide fair notice of facts of the loss or losses allegedly sustained by Plaintiff;[1] (2) provide fair notice of facts showing Plaintiff's alleged loss or losses were covered under the terms of the insurance contract at issue; nor (3) provide fair notice of Colony's acts or omissions which allegedly amount to a breach of Colony's contractual obligations, if any, to Plaintiff. As such, Plaintiff should be required to amend its claim for breach of contract and state with particularity: (1) facts supporting its alleged loss; (2) facts demonstrating the portion of the losses covered by the contract of insurance in question; (3) the acts or omissions by Colony which allegedly amounted to a breach of contractual obligation to Plaintiff; and (4) the maximum amount of damages sought by Plaintiff for Colony's alleged breach of contract.

5.     **Failure to Plead Specific Claims/Facts – Deceptive Trade Practices.** Colony specially excepts to Plaintiff's Original Petition because Plaintiff's vague and indefinite claims regarding Colony's alleged violations of the Texas Deceptive Trade Practices Act and the Texas

---

[1] *Id.* at 829 (trial court can order the plaintiff to specifically plead a cause of action which was originally pleaded in general terms).

Insurance Code via tie-in provisions are deficient—the petition merely recites certain prohibited conduct from the statute without any specific factual allegations.[2] The basic elements of a DTPA cause of action are: (1) the plaintiff is a consumer; (2) the defendant committed a false, misleading, or deceptive act or practice in the conduct of a trade or commerce, breached an expressed or implied warranty, committed an unconscionable act or course of conduct, or violated the Insurance Code; and (3) the defendant's conduct was the producing cause of actual damages to the plaintiff.[3] Plaintiff's Original Petition does not give fair and adequate notice of facts and evidence upon which it bases its DTPA claims. Pleading facts is necessary to inform a defendant of what it is called upon to answer and to enable it to prepare its defense.[4] As a result, Plaintiff should be required to file an amended pleading which sets forth facts and evidence in support of Plaintiff's claim for Colony's alleged violation of the DTPA.

6.      **Failure to Plead Specific Claims/Facts – Texas Insurance Code.** Colony specially excepts to Plaintiff's Original Petition because Plaintiff's vague and indefinite claims regarding Colony's alleged violation of Texas Insurance Code Chapters 541 and 542. Plaintiff merely recites prohibited conduct under these statutes without providing specific facts supporting its claims. Plaintiff's vague and general allegations fail to give Colony fair notice of the facts and circumstances supporting the alleged violations of the Unfair Settlement Practices statutes. Plaintiff should be required to file an amended pleading that sets forth facts to support its claims for Colony's alleged violations of Texas Insurance Code Chapters 541 and 542, as well as damages related thereto.

---

[2] *Subia*, 750 S.W.2d at 829.

[3] *Miller v. Soliz*, 648 S.W.2d 734, 739 (Tex. App. – Corpus Christi 1983, no writ).

[4] *In Re S.H.*, 548 S.W.2d 324, 328 (Tex. App. – Houston [14th Dist.] 1982, writ ref'd n.r.e.).

7.      **Failure to Plead Specific Claims/Facts – Breach of the Duty of Good Faith and Fair Dealing and Breach of Fiduciary Duty.** Colony specially excepts to Plaintiff's Original Petition because Plaintiff's vague and indefinite allegations that Colony breached its common-law duty of good faith and fair dealing and fiduciary duty, which are summarily alleged together, as one cause of action. Plaintiff merely asserts the elements of these causes of action and makes conclusory allegations that Colony breached the duty of good faith and fair dealing and its fiduciary duty without providing any factual support. Plaintiff has not given Colony fair notice of the facts and circumstances supporting its allegations of breach of the duty of good faith and fair dealing or fiduciary duty, and should therefore be required to file an amended pleading which sets forth facts to support these claims.

8.      **Failure to Plead Specific Claims/Facts – Negligence and Gross Negligence.** Colony specially excepts to Plaintiff's Original Petition because Plaintiff's vague and indefinite allegations that Colony was negligent in its handling of the insurance claim. Plaintiff merely asserts the elements of negligence and makes conclusory allegations that Colony and its agents acted negligently without providing any factual support. Plaintiff has also provided no support for its claim that Colony has acted willfully and with wanton disregard of the welfare and safety of Plaintiff. Because Plaintiff has not given Colony fair notice regarding its claims for negligence and gross negligence, Plaintiff should be required to amend these claims with supporting facts.

9.      **Plaintiff's Claim for Knowing or Intentional Conduct**. Colony specially excepts to Plaintiff's Original Petition because Plaintiff provided no facts to support its allegation that Colony acted wrongfully with knowledge or intent to cause harm. Because pleading facts is necessary to inform a defendant of what it is called upon to answer and to enable it to prepare its defense, Plaintiff should be required to file an amended pleading which

sets forth facts in support of Plaintiff's claim for intentional or knowing conduct, as well as alleged damages related thereto.

## IV.
## SPECIFIC DENIALS

10.     Colony specifically denies that Plaintiff may recover extra-contractual damages under the Texas Insurance Code. Colony further specifically denies, in the unlikely event it is found to have violated the Texas Insurance Code, that any such acts or omissions were committed knowingly or intentionally.

11.     Colony specifically denies that Plaintiff may recover extra-contractual damages under the DTPA, and specifically denies that any alleged violations were unconscionable or committed knowingly or intentionally.

12.     Colony specifically denies that Plaintiff complied with all conditions precedent to bringing this cause of action. Colony demands strict proof that each and every condition precedent was performed or has occurred.[5]

13.     Because Colony complied with the Texas Insurance Code and the DTPA, Colony is not liable for any actual or economic damages, and consequently no judgment exists against which to base interest calculations. Colony therefore specifically denies that prejudgment interest can be awarded against it.[6] Further, due to the foregoing law, Colony specifically denies that Plaintiff is entitled to an award of attorney's fees under the Texas Insurance Code, DTPA, or Texas Civil Practice & Remedies Code Section 38.007.

## V.
## AFFIRMATIVE DEFENSES

---

[5] *See Grimm v. Grimm*, 864 S.W.2d 160, 162 (Tex. App.—Houston [14th Dist.] 1993, no writ).

[6] *Id*.

14. **Extra-Contractual Damages**. Plaintiff is not entitled to extra-contractual damages because there can be no extra-contractual damages without a breach of contract. Colony timely and properly investigated Plaintiff's previous claim arising out of a March 29, 2012 storm. Even after Plaintiff later made a second claim arising out of an October 2, 2012 storm *almost two years after the storm*, Colony again timely and properly investigated this subsequent claim. Colony has complied with all of its obligations under the relevant insurance contract. Any dispute as to the amount of covered damage is only a *bona fide* dispute, which is not sufficient to entitle Plaintiff to any extra-contractual relief.

15. **Failure to Mitigate/Contribution**. Plaintiff is barred from any recovery from Colony, in whole or in part, due to Plaintiff's failure to mitigate its alleged damages and its contribution to its own alleged damages. Specifically, Colony investigated a previous claim and paid Plaintiff for damage arising out of a March 29, 2012 storm. Plaintiff failed to use these payments to make all necessary repairs to the Property, which may have entitled Plaintiff to additional payments for the withheld depreciation. Plaintiff asserted subsequent storm damage from an October 2, 2014 storm when it first made a claim with Colony. It made this claim almost two years after the reported storm event on October 18, 2012. Plaintiff's failure to make necessary repairs and timely report the claim(s) constitute a failure to mitigate its loss. Plaintiff is therefore barred from recovering any additional damages due to its failure to mitigate.

16. **Policy Conditions, Exclusions, and Provisions Preclude Coverage**. Plaintiff cannot recover, in whole or in part, on its breach of contract cause of action and consequently all of the other causes of action alleged in Plaintiff's Original Petition, or any later pleadings because the policy under which Plaintiff sues contains conditions, exclusions, limitations, and

provisions that wholly or partially preclude coverage. The following policy provisions limit or

negate coverage, in whole or in part, for loss or damages sought in this lawsuit:

<strong>BUILDING AND PERSONAL PROPERTY COVERAGE FORM</strong>

**A.** **Coverage**

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

**1.** **Covered Property**

Covered Property, as used in this Coverage Part, means the type of property described in this section, **A.1.**, and limited in **A.2.**, Property Not Covered, if a Limit of Insurance is shown in the Declarations for that type of property.

**a.** **Building**, meaning the building or structure described in the Declarations, Including:

**(1)** Completed additions;
**(2)** Fixtures, including outdoor fixtures;

***

**3.** **Covered Causes Of Loss**

See applicable Causes of Loss Form as shown in the Declarations.

**4.** **Additional Coverages**

**e.** **Increased Cost of Construction**

**(1)** This Additional Coverage applies only to buildings to which the Replacement Cost Optional Coverage applies.

***

**(7)** With respect to this Additional Coverage:

**(a)** We will not pay for the Increased Cost of Construction:

**(i)** Until the property is actually repaired or replaced, at the same or another premises; and

**(ii)** Unless the repairs or replacement are made as soon as reasonably possible after the loss or damage, not to exceed two years. We may extend this period in writing during the two years.

\*\*\*

**C.**     **Limits Of Insurance**

The most we will pay for loss or damage in any one occurrence is the applicable Limit of Insurance shown in the Declarations.

\*\*\*

**D.**     **Deductible**

In any one occurrence of loss or damage (hereinafter referred to as loss), we will first reduce the amount of loss if required by the Coinsurance Condition or the Agreed Value Optional Coverage. If the adjusted amount of loss is less than or equal to the Deductible, we will not pay for that loss.  If the adjusted amount of loss exceeds the Deductible, we will then subtract the Deductible from the adjusted amount of loss, and will pay the resulting amount or the Limit of Insurance, whichever is less.

When the occurrence involves loss to more than one item of Covered Property and separate Limits of Insurance apply, the losses will not be combined in determining application of the Deductible. But the Deductible will be applied only once per occurrence.

\*\*\*

**E.**     **Loss Conditions**

\*\*\*

**3.**     **Duties In The Event Of Loss Or Damage**

**a.**     You must see that the following are done in the event of loss or damage to Covered Property:

***

**(2)**   Give us prompt notice of the loss or damage. Include a description of the property involved.

**(3)**   As soon as possible, give us a description of how, when and where the loss or damage occurred.

**(4)**   Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss.  Also, if feasible, set the damaged property aside and in the best possible order for examination.

**(5)**   At our request, give us complete inventories of the damaged and undamaged property.  Include quantities, costs, values and amount of loss claimed.

**(6)**   As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.

Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

**(7)**   Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.

**(8)**   Cooperate with us in the investigation or settlement of the claim.

***

**4.**   **Loss Payment**

**a.**   In the event of loss or damage covered by this Coverage Form, at our option, we will either:

**(1)**   Pay the value of lost or damaged property;

**(2)** Pay the cost of repairing or replacing the lost or damaged property, subject to b. below;

**(3)** Take all or any part of the property at an agreed or appraised value; or

**(4)** Repair, rebuild or replace the property with other property of like kind and quality, subject to b. below.

We will determine the value of lost or damaged property, or the cost of its repair or replacement, in accordance with the applicable terms of the Valuation Condition in this Coverage Form or any applicable provision which amends or supersedes the Valuation Condition.

\*\*\*

**d.** We will not pay you more than y our financial interest in the Covered Property.

**e.** We may adjust losses with the owners of lost or damaged property if other than you. If we pay the owners, such payments will satisfy your claims against us for the owners' property. We will not pay the owners more than their financial interest in the Covered Property.

**g.** We will pay for covered loss or damage within 30 days after we receive the sworn proof of loss, if you have complied with all of the terms of this Coverage Part and:

**(1)** We have reached agreement with you on the amount of loss;

\*\*\*

**7.** **Valuation**

We will determine the value of Covered Property in the event of loss or damage as follows:

**a.** At actual cash value as of the time of loss or damage, except as provided in **b.**, **c.**, **d.** and **e.** below.

**b.** If the Limit of Insurance for Building satisfies the Additional Condition, is $2,500 or less, we will pay the cost Coinsurance, and the cost to repair or replace the damaged building property of building repairs or replacement.

The cost of building repairs or replacement does not include the increased cost attributable to enforcement of any ordinance or law regulating the construction, use or repair of any property.

However, the following property will be valued at the actual cash value even when attached to the building:

(1) Awnings or floor coverings;

(2) Appliances for refrigerating, ventilating, cooking, dishwashing or laundering; or

(3) Outdoor equipment or furniture.

\*\*\*

**e.     Tenants' Improvements and Betterments at:**

(1) Actual cash value of the lost or damaged property if you make repairs promptly.

(2) A proportion of your original cost if you do not make repairs promptly. We will determine proportionate value as follows:

(a) Multiply the original cost by the number of days from the loss or damage to the expiration of the lease; and

(b) Divide the amount determined in (a) above by the number of days from the installation of improvements to the expiration of the lease. If your lease contains a renewal option, the expiration of the renewal option period will replace the expiration of the lease in this procedure.

(3) Nothing if others pay for repairs or replacement.

\*\*\*

## COMMERCIAL PROPERTY CONDITIONS

This Coverage Policy is subject to the following conditions, the Common Policy Conditions and applicable Loss Conditions and Additional Conditions in Commercial Property Coverage Forms.

\*\*\*

**D.     LEGAL ACTION AGAINST US**

No one may bring a legal action against us under this Coverage Part unless:

**1.** There has been full compliance with all of the terms of this Coverage Part; and

**2.** The action is brought within 2 years after the date on which the direct physical loss or damage occurred.

*\*\*\**

## CAUSES OF LOSS - SPECIAL FORM

Words and phrases that appear in quotation marks have special meaning.  Refer to Section **G.**, Definitions.

**A.** **Covered Causes Of Loss**

When Special is shown in the Declarations, Covered Causes of Loss means Risks Of Direct Physical Loss unless the Loss is:

**1.** Excluded in Section **B**, Exclusions; or

**2.** Limited in Section **C.**, Limitations;

that follow.

**B.** **Exclusions**

**2.** We will not pay for loss or damage caused by or resulting from any of the following:

*\*\*\**

d. (1) Wear and tear;

(2) Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

*\*\*\**

**3.** We will not pay for loss or damage caused by or resulting from any of the following, 3.a. through 3.c.  But if an excluded cause of loss that is listed in 3.a. through 3.c. results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

&#42;&#42;&#42;

**c.**    Faulty, inadequate or defective:

                  ***

**(2)**    Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

**(3)**    Materials used in repair, construction, renovation or remodeling; or

**(4)**    Maintenance;

of part or all of any property on or off the described premises.

                  ***

**G.**    **Definitions**

**2.**    "Specified causes of loss" means the following: fire; lightning; explosion; wind- storm or hail; smoke; aircraft or vehicles; riot or civil commotion; vandalism; leakage from fire-extinguishing equipment; sinkhole collapse; volcanic action; falling objects; weight of snow, ice or sleet; water damage.

                  ***

**WINDSTORM OR HAIL PERCENTAGE DEDUCTIBLE**

**WINDSTORM OR HAIL DEDUCTIBLE CALCULATIONS**

**A.  Calculation Of The Deductible – All Policies**

   1.    A Deductible is calculated separately for, and applies separately to:

      a.    Each building that sustains loss or damage;

      b.    The personal property at each building at which there is loss or damage to personal property;

      c.    Personal property in the open.

If there is damage to both a building and personal property in that building, separate deductibles apply to the building and to the personal property.

*** 

By referencing these policy provisions, Colony does not waive any other applicable policy terms, conditions, or exclusions.  Because Colony timely and adequately performed all of its duties under the Policy, Colony cannot be held liable to Plaintiff for any of the allegations asserted in Plaintiff's Original Petition.

17.    **Payment**. Plaintiff's claims have been properly investigated, adjusted, and evaluated under a previous claim, Claim 212227, which arose out of a March 29, 2012 storm. Colony reasonably and fully compensated Plaintiff for damages covered by the insurance policy in effect during this previous storm event. Plaintiff agreed to this amount, accepted payment, and, upon knowledge and belief, replaced the roofs damaged by the storm. To the extent that Plaintiff is claiming damage that Colony has already paid under a previous claim, Plaintiff is precluded from now asserting that Colony committed any wrongful acts for not paying for this same damage under the second claim.

18.    **Limits of Liability**. In the unlikely event Plaintiff prevails on all or part of its claims against Colony, any recovery will be subject to the policy limits and co-insurance provisions of the applicable insurance policy.

19.    **Deductible**. In the unlikely event Plaintiff prevails on all or part of its claims against Colony, any recovery will be subject to the amount of the applicable deductible(s) of the applicable insurance policy.

20.    **Statutory Limitations**. In the unlikely event Plaintiff prevails on all or part of its claims against Colony, any recovery will be subject to the limitations on liabilities and damages

contained in Texas Civil Practice and Remedies Code Chapter 41, as well as all other statutory damage caps or limitations provided by law.

21.    **Credit/Offset**.  In the unlikely event Plaintiff prevails on all or part of its claims, any recovery must be offset against amounts already paid or will be paid to Plaintiff by Colony or third parties who may be held responsible to Plaintiff for its alleged damages.

22.    **Bona Fide Controversy/Reasonable Basis**. As to Plaintiff's claims alleging "bad faith," or statutory violations, Colony would show that at most, a bona fide controversy exists concerning Plaintiff's entitlement to additional insurance benefits from Colony, which may value claims differently from its insureds without facing "bad faith" liability or liability under the Texas Insurance Code or DTPA. Colony had a reasonable basis for its settlement determination. In the alternative, a *bona fide* controversy exists concerning the valuation of Plaintiff's claim, so liability under the contract is not reasonably clear.

23.    **Exemplary Damages Improper and Subject to Limitation**. To the extent Plaintiff prays for exemplary damages against Colony, assessment of punitive damages are improper because Plaintiff failed to plead any predicate authorizing the recovery of punitive damages. Further, any award of punitive damages must be limited to the greater of: (1) two times the amount of economic damages plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000; or (2) two times the amount of economic damages plus $200,000, pursuant to the statutory mandates of Texas Civil Practice and Remedies Code Sections 41.002-41.009.

24.    **Excessive Demand**. With respect to Plaintiff's demand letter, the demand is excessive and unsupported. Plaintiff is not entitled to attorneys' fees because it has asserted an excessive, unsupported demand. Plaintiff has acted unreasonably and/or in bad faith in

demanding monies to which it is not entitled, thereby rendering the demand unreasonable and excessive.

25.     **Accord and Satisfaction**. Plaintiff has been reasonably and fully compensated for covered damages that Plaintiff presented for payment under a previous claim. Plaintiff previously accepted that payment and made repairs to its properties. To the extent additional amounts are owed under the policy following submission of documentation requested by Colony to support the claim, Colony's payment will satisfy its duties under the policy and Texas law.

26.     **Proportionate Responsibility**. Because Plaintiff did not protect the property from damage, did not provide Colony or Abercrombie necessary information, and failed to timely comply with conditions precedent of the policy, Plaintiff is responsible for any delays and additional damages arising from the alleged tort claims and alleged delays. Therefore, Colony seeks a percentage allocation of damages as provided by Texas Civil Practice and Remedies Code Chapter 33.

27.     **Existence of a Covered Loss**. To the extent covered and non-covered causes of loss combined to cause the damages complained of by Plaintiff, Plaintiff bears the burden to segregate the damages caused by covered causes of loss, if any, from damages caused by non-covered causes of loss.

28.     **Concurrent Causation**. Colony would show that under the doctrine of concurrent causes, an insured's recovery is limited to the amount of damage caused by a covered peril.[7] In other words, when a loss is caused by covered and non-covered perils, the insured may recover only that portion of the damage caused solely by the covered peril. Because the insured is required to prove that the damage is covered by the policy, the burden of segregating the

---

[7] *Wallis v. United Servs. Auto. Ass'n*, 2 S.W.3d 300, 302-03 (Tex. App.—San Antonio 1999, pet. denied)

damage attributable solely to the covered peril from the damage attributable to any non-covered peril is a coverage issue on which the insured bears the burden of proof.[8]

29.     **Acts or Omissions of Others**. Colony asserts that the acts or omissions of others over whom Colony has no right of control, including the acts and omissions of Plaintiff, its agents, or its tenants, may be the proximate and producing causes of the damages alleged in this suit.

30.     **Comparative Good Faith**. Colony pleads the doctrine of comparative good faith and fair dealing as an equitable factor in adjudging the relative positions of the parties in this case. Plaintiff has failed to act in good faith in the presentation and prosecution of Plaintiff's claim and lawsuit.

31.     **Due Process**. To the extent Plaintiff prays for punitive or exemplary damages, such request should be denied as a violation of Colony's rights under the due process clause of the Fifth Amendment of the United States Constitution as applied to the states through the Fourteenth Amendment of the United States Constitution. By way of defense, Colony alleges that Plaintiff's pleading of punitive and/or exemplary damages violates the due process clauses of the Fifth and Fourteenth Amendments inasmuch as punitive and/or exemplary damages can be assessed:

> a.      The legal predicate required by Texas law to permit the recovery of punitive damages has not been properly pleaded by Plaintiff and such a predicate does not exist under the facts of this claim;
>
> b.      In an amount left to the discretion of the jury and judge;
>
> c.      In assessing such sums, the decision of the jury need only be based on vote of ten jurors and does not require a unanimous verdict;

---

[8] *Id*. at 303 n.5.

d.   In assessing such penalty or exemplary awards, Plaintiff needs only prove the theory of gross negligence on a "preponderance of the evidence" standard and not "beyond a reasonable doubt" standard as should be required in assessing a punishment award;

e.   The assessment of such a punishment and/or exemplary award is not based upon a clearly defined statutory enactment setting forth a specific means requirement and/or the prerequisites of criminal fine and in effect, allows the assessment of such awards even though there are no special standards, limits, or other statutory requirements set forth that define the means and scope and limit of such awards. Therefore, the awards are unduly vague and do not meet the requirements of due process; and

f.   In essence, Defendant is subject to all of the hazards and risks of what amounts to a fine, and in fact, such awards often exceed normal criminal fines, but receives none of the basic rights accorded to a criminal defendant when being subjected to possible criminal penalties.

32.   **Preclusion and/or Tolling of Insurance Code Chapter 542 Penalties**.  Plaintiff has waived Plaintiff's right to recover 18% interest under Texas Insurance Code Chapter 542, or, in the alternative, is estopped from enforcing any such penalties or have tolled or rendered inapplicable any such penalties, by failing to notify Colony of its insurance claim in writing, by failing to provide Colony any information or items that would allow it to establish final proof of loss of any covered damage beyond that previously paid to Plaintiff, by failing to notify Colony that Plaintiff believed any additional investigation or payments were required in order to fully compensate Plaintiff for a covered loss, by failing to promptly pursue Plaintiff's claims against Colony, by failing to promptly advise of any dispute regarding the value of the claim, and/or because any delay in payment that may be proven was caused by Plaintiff's own actions or inactions.

33.     Plaintiff's own delays, actions, and omissions in prosecuting this action—which should not inure to Plaintiff's financial benefit—have tolled the accrual of penalty interest under Texas Insurance Code Chapter 542. Under equitable principles, Plaintiff has waived, forfeited, is estopped from asserting, and has otherwise relinquished Plaintiff's entitlement to the 18% penalty under Texas Insurance Code Chapter 542 or any other delay—or time-based penalty or interest due to Plaintiff's own discretionary delays and inaction in pursuing relief. Further, the above failures may constitute a failure of conditions precedent to recovery under Texas Insurance Code Chapter 542.

## VI.
## JURY DEMAND

34.     Colony requests a trial by jury and tenders the jury fee with this Answer.

WHEREFORE, PREMISES CONSIDERED, Defendant Colony Insurance Company, on behalf of itself and Colony Specialty Insurance Company, respectfully prays that Plaintiff takes nothing by reason of Plaintiff's actions and that Colony be awarded its reasonable and necessary attorney fees, costs of court, and all other such relief to which it may be justly entitled.

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.


By:  _____/s/ David D. Disiere_____
        David D. Disiere
        State Bar No. 00785356
        Ryan M. Cantu
        State Bar No. 24076853
        808 Travis Street, 20TH Floor
        Houston, Texas  77002
        Telephone:  (713) 632-1700
        Facsimile:  (713) 222-0101
        disiere@mdjwlaw.com
        cantu@mdjwlaw.com

**ATTORNEYS FOR DEFENDANT
COLONY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was served on September 8, 2015, on all known counsel of record in compliance with Texas Rule of Civil Procedure 21a.

David DeGroot
The DeGroot Law Firm, PLLC
3827 N. 10ᵗʰ St., Suite 304
McAllen, TX 78501
(956) 627-2787
(956) 627-4363 – Facsimile

_/s/ David D. Disiere_____
David D. Disiere

## VERIFICATION

STATE OF TEXAS          §
                        §
COUNTY OF HARRIS        §

Before me, the undersigned notary, on this day personally appeared Ryan M. Cantu, a person whose identity is known to me. After I administered an oath to him, upon his oath he said:

"My name is Ryan M. Cantu. I am over the age of 18, have never been convicted of a felony or crime involving moral turpitude and am duly qualified and competent to execute this affidavit, and the facts contained herein are true and correct within my personal knowledge. My office is located at 808 Travis Street, 20th Floor, Houston, Texas 77002, and I am one of the attorneys representing Defendant Colony Insurance Company. I have read Colony's Original Answer, Verified Denial, Special Exceptions, Specific Denials, and Affirmative Defenses, and the facts stated therein are within my personal knowledge and are true and correct."

_____
RYAN M. CANTU

SWORN and SUBSCRIBED before me on September 8, 2015.

_____
Notary Public in and for the State of Texas

My Commission Expires: 3-25-18

